UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
PETER MCCLUSKEY,

                Plaintiff,

                              ORDER
     -against-                           12-CV-3852(JFB)(ETB)

COMMISSIONER OF NASSAU COUNTY
DEPARTMENT OF SOCIAL SERVICES, et al.,

                Defendants.
----------------------------------------------------------------X
JOSEPH F. BIANCO, District Judge:

        On August 3, 2012, *pro se* plaintiff Peter McCluskey ("plaintiff") filed the complaint in this action against the Commissioner of Nassau County Department of Social Services ("DSS"), New York State Commissioner of the Office of Temporary and Disability Assistance ("OTDA"), and "Mrs. Ryan" ("Ryan") (collectively, "defendants"). On November 27, 2012, OTDA filed a letter requesting a pre-motion conference in anticipation of moving to dismiss plaintiff's complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. On November 28, 2012, the Court waived the request for a pre-motion conference and set a briefing schedule for OTDA's motion. OTDA filed its motion to dismiss on January 2, 2013. On January 23, 2013, plaintiff filed his opposition to OTDA's motion to dismiss, and also, a cross-motion for sanctions against OTDA. OTDA submitted its reply to plaintiff's opposition on February 8, 2013, as well as its opposition to motion for sanctions.

        On January 4, 2013, DSS and Ryan submitted a request for a pre-motion conference, also in anticipation of moving to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On January 8, 2013, the Court waived the request for a pre-motion conference and set a briefing schedule for DSS and Ryan's motion. These defendants filed their motion to dismiss on February 7, 2013. Plaintiff opposed their motions on February 25, 2013, and

also, cross-moved to amend his complaint. DSS and Ryan filed their reply motion, as well as their cross-motion against plaintiff's motion to amend, on March 22, 2013. OTDA also submitted an opposition to plaintiff's motion to amend the complaint on March 22, 2013. Plaintiff submitted his reply brief in support of his cross-motion to amend the complaint on April 2, 2013.

By Order dated March 4, 2013, this Court referred the parties' pending motions to Magistrate Judge Boyle for a report and recommendation to address (1) defendants' motions to dismiss the complaint for lack of jurisdiction and for failure to state a claim, and plaintiff's cross-motions for sanctions and to amend his complaint. On July 23, 2013, Magistrate Judge Boyle issued a Report and Recommendation (the "R&R") recommending that defendants' motions to dismiss be granted, that plaintiff's motion for sanctions be denied, and that plaintiff's motion to amend the complaint be denied.

Specifically, Magistrate Judge Boyle recommended, first, that defendants' respective motions to dismiss be granted because: (1) plaintiff's claims against OTDA and/or the OTDA Commissioner are precluded by the Eleventh Amendment, as OTDA is a state agency, *see Cincotta v. N.Y.C. Human Res. Admin.*, No. 00 Civ. 9064(JGK), 2001 WL 897176, at *9 (Aug. 9, 2001) (stating that OTDA is an agency of New York State "and thus cannot be sued under Section 1983 and [is] otherwise immune from suit in federal court under the Eleventh Amendment"), and plaintiff failed to plead facts demonstrating that the OTDA Commissioner is in any way connected to the alleged violations at issue, *see id.* (concluding that plaintiff's injunctive relief against State defendants failed because plaintiff "has not sought [ ] relief against any named official *with any connection to any alleged wrongdoing against the plaintiff*" (emphasis added)); *see also Ex Parte Young*, 209 U.S. 123, 157 (1908) ("In making an officer of the state a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional, it is plain that such officer must have

also, cross-moved to amend his complaint. DSS and Ryan filed their reply motion, as well as their cross-motion against plaintiff's motion to amend, on March 22, 2013. OTDA also submitted an opposition to plaintiff's motion to amend the complaint on March 22, 2013. Plaintiff submitted his reply brief in support of his cross-motion to amend the complaint on April 2, 2013.

By Order dated March 4, 2013, this Court referred the parties' pending motions to Magistrate Judge Boyle for a report and recommendation to address (1) defendants' motions to dismiss the complaint for lack of jurisdiction and for failure to state a claim, and plaintiff's cross-motions for sanctions and to amend his complaint. On July 23, 2013, Magistrate Judge Boyle issued a Report and Recommendation (the "R&R") recommending that defendants' motions to dismiss be granted, that plaintiff's motion for sanctions be denied, and that plaintiff's motion to amend the complaint be denied.

Specifically, Magistrate Judge Boyle recommended, first, that defendants' respective motions to dismiss be granted because: (1) plaintiff's claims against OTDA and/or the OTDA Commissioner are precluded by the Eleventh Amendment, as OTDA is a state agency, *see Cincotta v. N.Y.C. Human Res. Admin.*, No. 00 Civ. 9064(JGK), 2001 WL 897176, at *9 (Aug. 9, 2001) (stating that OTDA is an agency of New York State "and thus cannot be sued under Section 1983 and [is] otherwise immune from suit in federal court under the Eleventh Amendment"), and plaintiff failed to plead facts demonstrating that the OTDA Commissioner is in any way connected to the alleged violations at issue, *see id.* (concluding that plaintiff's injunctive relief against State defendants failed because plaintiff "has not sought [ ] relief against any named official *with any connection to any alleged wrongdoing against the plaintiff*" (emphasis added)); *see also Ex Parte Young*, 209 U.S. 123, 157 (1908) ("In making an officer of the state a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional, it is plain that such officer must have

some connection with the enforcement of the act, or else it is merely making him a party as a representative of the state, and thereby attempting to make the state a party."); (2) plaintiff's Section 1983 claim against the OTDA Commissioner, to the extent plaintiff sued him in his official capacity, is barred by the Eleventh Amendment, and, to the extent plaintiff sued him in his individual capacity, is dismissed because plaintiff failed to make specific allegations against the OTDA Commissioner, and provided no allegations upon which the Court might conclude that the OTDA Commissioner was personally involved in any of the actions referenced in support of plaintiff's Section 1983 claim, *see Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (stating that where a plaintiff brings a Section 1983 claim against individual defendants, the "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983"); (3) plaintiff has not made any specific allegations against the DSS Commissioner, nor has plaintiff established that the DSS Commissioner acted pursuant to a DSS policy or custom and that any alleged actions resulted in a constitutional deprivation, *see id.*; *see also Dwyer v. Regan*, 777 F.2d 825, 828 (2d Cir. 1985) (noting Section 1983's requirements, including that a plaintiff must show that the alleged conduct "deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States"); (4) plaintiff cannot show that he was deprived of procedural due process by either DSS itself or the DSS Commissioner, as he had the right to commence an action in state court to address DSS and OTDA's failure to recalculate his benefits, and he was not prevented from doing so, *see Banks v. Human Res. Admin.*, No. 11-CV-2380(JG), 2013 WL 142374, at *3 (E.D.N.Y. Jan. 11, 2013) (noting availability of summary proceeding pursuant to Article 78 of the New York Civil Practice Law and Rules, and stating that "Article 78 is routinely the avenue in which adverse food stamp determinations are challenged, often successfully"); *see also Campo v. New York City Employees' Retirement Sys.*, 843 F.2d 96, 101 (2d

Cir. 1998); (5) to the extent plaintiff sues Ryan in her official capacity as a DSS employee, she is shielded by qualified immunity, *see Wong v. Yoo*, 649 F. Supp. 2d 34, 57 (E.D.N.Y. 2009) (stating that a public official is "entitled to qualified immunity if...their actions did not violate a constitutional right"); (6) plaintiff has not pled facts sufficient to support a claim of deprivation of due process, as none of Ryan's official actions taken concerning the reduction in food stamp benefits may be said to have violated plaintiff's constitutional rights; and (7) to the extent plaintiff sues Ryan in her individual capacity, plaintiff has not shown that he was deprived of a constitutional or federal right as a result of the conduct alleged.

Second, Magistrate Judge Boyle recommended that plaintiff's request for sanctions should be denied with prejudice because (1) plaintiff had failed to comply with Fed. R. Civ. P. 11's requisites in moving for sanctions, and (2) defendants' motions to dismiss were not frivolous or filed in bad faith.

Third, Magistrate Judge Boyle recommended that plaintiff's request for leave to amend the complaint should be denied on the grounds that "the majority of the proposed amendments involve the addition of further detail regarding the claims made in the original complaint," none of which could "cure[] the fundamental flaws that prevent plaintiff's § 1983 and due process claims against the defendants from being viable." (R&R at 23.) Specifically, Magistrate Judge Boyle concluded that plaintiff's claims against OTDA and the OTDA Commissioner remained barred by the Eleventh Amendment, and plaintiff's claims against DSS, the DSS Commissioner, and Ryan fail because plaintiff failed to identify a constitutional right of which he had been deprived on account of their respective actions. (*Id.* at 23-24.) Where plaintiff's amended complaint contained differences, such variations concerned allegations that DSS engaged in the "gross mistreatment of elderly food stamp applicants, including the use of application forms and document demand forms which were biased

4

against elderly applicants applying for the medical expense deduction." (*See id.* at 24 (quoting Am. Compl. at 14).) Because plaintiff failed to identify a constitutional right of which he had been denied in respect to this claim, any leave to amend the complaint would be futile; accordingly, Magistrate Judge Boyle recommended that plaintiff's motion for leave to amend be denied.

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objections" are made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997). When "a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation to which the party objected under a *de novo* standard of review." *Jeffries v. Verizon*, 10-CV-2686 (JFB)(AKT), 2012 WL 4344188, at *1 (E.D.N.Y. Sept. 21, 2012); *see also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

Plaintiff objects to the R&R regarding its recommendation to grant defendants' motions to dismiss, and to deny plaintiff's motion for sanctions and motion for leave to amend the complaint. In particular, plaintiff alleges that "the Report overlooked specific allegations against the [DSS] Commissioner which were alleged in the proposed amended complaint"; that the R&R wrongly

concluded that Ryan is not entitled to qualified immunity; that an Article 78 proceeding is not available to plaintiff as a matter of law; and that the R&R "did not properly distinguish between the violations of federal rights and the violation of constitutional claims." (Pl.'s Objections at 2.)

The Court has reviewed plaintiff's objections and supporting arguments. On conducting a review of the full record and the applicable law, and having reviewed the R&R *de novo*, the Court adopts the findings and recommendations contained in the well-reasoned and thorough R&R in their entirety. In particular, plaintiff does not point to any evidence, allegations, or applicable precedent that undermines the conclusions reached by Magistrate Judge Boyle in his R&R. Instead, plaintiff reiterates arguments previously raised and substantively addressed in the R&R. As Magistrate Judge Boyle correctly concluded after a thorough review of the record, plaintiff has set forth no allegation that would permit plaintiff's claims to proceed against defendants in light of applicable law. That is, plaintiff's claims against OTDA and the OTDA Commissioner (in his official capacity) are barred by the Eleventh Amendment; plaintiff's claims against the OTDA Commissioner (in his personal capacity) lack any allegations upon which the Court might conclude that the OTDA Commissioner was personally involved in those actions identified in support of plaintiff's Section 1983 claim; plaintiff cannot establish a deprivation of procedural due process, whether by DSS itself or the DSS Commissioner; plaintiff's claims against Ryan (in her official capacity) are shielded by qualified immunity, and further, lack allegations showing a viable claim of deprivation of due process; and plaintiff's claims against Ryan (in her personal capacity) lack any allegations showing a deprivation of a constitutional or federal right as a result of the actions alleged. Plaintiff's claim that an Article 78 proceeding is not available to him as a matter of law is not supported by the case law. Additionally, plaintiff's claims that Magistrate Judge Boyle failed to consider certain portions of the amended complaint are incorrect. It is clear that Magistrate Judge Boyle both reviewed and

considered the substance of the amended complaint, including assessing whether additional leave to amend should be granted. (*See* R&R at 23-24.)  Moreover, this Court also has reviewed the amended complaint *de novo* in light of plaintiff's objections. The Court agrees with Magistrate Judge Boyle's assessment. Having reviewed the proposed amended complaint, it is clear that plaintiff's attempt to re-plead would be futile.

Having conducted a *de novo* review of the R&R in its entirety, the Court adopts the R&R in all respects and the complaint is dismissed. The Clerk of the Court shall enter judgment accordingly and close the case. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith; therefore, *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____

Joseph F. Bianco
United States District Judge

Dated:   September 5, 2013
         Central Islip, New York